**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1083**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID M. WASANYI,

Defendant - Appellant,

and

CITY PHARMACY, LLC; CITY PHARMACY OF CHARLES TOWN, INC.; AMY WASANYI; ROGER LEWIS,

Defendants.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, District Judge. (3:16-cv-00024-JPB)

Submitted: December 30, 2019                    Decided: February 20, 2020

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David M. Wasanyi, Appellant Pro Se. Greg Thomas Kinskey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David M. Wasanyi appeals from the district court's order granting summary judgment in favor of the United States and holding that Wasanyi violated the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801-971 (2012). The court imposed a civil penalty of $335,670. Wasanyi challenges the judgment on several bases but does not challenge the calculation of the civil penalty imposed. Finding no error, we affirm.

We review "de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, the court "view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Wasanyi raised several challenges to the court's determination that he ignored obvious warning signs and filled illegitimate prescriptions and that this activity violated 21 C.F.R. § 1306.04 (2019) and 21 U.S.C. § 842(a)(1) (2012), subjecting him to civil

3

penalties. These challenges included: that the district court judge was influenced against him; that the Government deceived the court by citing requirements that prescribing physicians must follow instead of pharmacists; that the district court did not allow Wasanyi to adequately represent himself; that the Government expert's affidavit was in error regarding payment methods and discussion of opioids; that minority-owned pharmacies were targeted; that the Government relied on inapplicable statutes and statistics; that the Government's intention is to put minority-owned pharmacies out of business; that the civil prosecution is frivolous because the Government investigator did not personally see Wasanyi fill the prescriptions; that it is a violation of the West Virginia Code to refuse to fill a legitimate prescription based on method of payment; that a pharmacist cannot diagnose a patient to determine whether the prescription is for a legitimate purpose; that this civil prosecution is a violation of the Fourth Amendment because the pharmacist and patient-customers are minorities; and that the Pharmacist's DEA manual should be the determining proof of whether a prescription is legitimate.

We have carefully reviewed Wasanyi's arguments, the parties' filings, and the record and find no reversible error. The errors Wasanyi raises on appeal are either unsupported or contradicted by the evidence, not raised in the district court, or ignore the facts and applicable law. Accordingly, we affirm for the reasons stated by the district court. *United States v. Wasanyi*, No. 3:16-cv-00024-JPB (N.D.W. Va. Apr. 19, 2017 & Dec. 21, 2018). We grant Wasanyi permission to proceed in forma pauperis. We deny Wasanyi's petition for writ of mandamus. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*